UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, JR., et al., | No. 2:20-cv-0357 KJM DB |
| Plaintiffs, | |
| v. | ORDER |
| CROWN EQUIPMENT CORPORATION, | |
| Defendant. | |

On April 14, 2022, defendant filed a motion to compel and noticed the motion for hearing before the undersigned on May 20, 2022, pursuant to Local Rule 302(c)(1). (ECF No. 39.) Pursuant to Local Rule 251 motions related to discovery shall consist of a brief notice of motion and motion "scheduling the hearing date[.]" Local Rule 251(a). "No other documents need be filed at this time." (Id.)

However, the motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]" Local Rule 251(b). In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.) If, after meeting and conferring, the moving party remains dissatisfied, that party shall draft and file a "Joint Statement re Discovery Disagreement" at least fourteen days before the scheduled hearing date. Local Rule 251(a)-(c). The failure to file a Joint Statement may result in

the hearing being dropped from calendar.  Local Rule 251(a).  Here, a timely Joint Statement has not been filed.

Defendant asserts that the "motion is excepted from the Required Joint Statement re Discovery Disagreement."  (Def.'s Mot. (ECF No. 39) at 2.)  Defendant does not explain this assertion and it does not appear to be true.  In this regard, the exceptions to the Joint Statement requirement are where: (1) there has been a complete and total failure to respond to discovery; or (2) the discovery motion only seeks the imposition of sanctions.  Local Rule 251(e).

Here, defendant's motion does not seek only sanctions.  Instead, the motion seeks "an Order ordering Plaintiff to appear for deposition[.]"  (Def.'s Mot. (ECF No. 39) at 2.)  Moreover, there has not been a complete and total failure to respond.  Instead, the motion asserts that "Plaintiff's counsel has not confirmed a date for Plaintiff's deposition."  (Id.)  And defense counsel has provided a declaration in support recounting the difficulty defendant has encountered in obtaining a "confirmed date[] . . . for Plaintiff's deposition."  (Book Decl. (ECF No. 39) at 4.)

The briefing, however, does not allege that plaintiff failed to appear at a properly noticed deposition.  Although cooperation between the parties is encouraged, defendant does not need plaintiff's agreement to notice and hold a deposition.  See Fed. R. Civ. P. 37(d)(1)(A)(i) ("The court where the action is pending may, on motion, order sanctions if a party . . . fails, after being served with proper notice, to appear for that person's deposition[.]"); Rushing v. Board of Sup'rs of the University of Louisiana System (Southeastern Louisiana University), Civil Action No. 06-623-RET-SCR, 2008 WL 4330186, at *2 n13 (M.D. La. Sept. 15, 2008) ("While the agreement of counsel on a date for a deposition is preferred, it is not required by Rule 30.  The rule requires only reasonable notice.  After making a reasonable attempt to schedule a deposition on a convenient date, counsel desiring to depose a witness must simply schedule the deposition and serve a notice, and a subpoena when required.").

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's April 14, 2022 motion to compel (ECF No. 39) is denied without prejudice to renewal; and

2. The May 20, 2022 hearing of defendant's motion is vacated.

Dated: May 13, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/parker0357.no.js.ord

3